IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST MILLER,

    Plaintiff,                       1:09 CV 00244 YNP SMS (PC)

vs.                                  ORDER

C/O VALDEZ, et al.,

    Defendants.

      Plaintiff is a state prisoner proceeding pro se in a civil rights action challenging the conditions of his confinement. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

      On May 1, 2009, an order was entered, directing Plaintiff to show cause, within thirty days, why his application to proceed in forma pauperis should not be denied pursuant to 28 U.S.C. § 1915(g). On July 16, 2009, Plaintiff filed a response to the court's order.

      The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. § 1915(g).

1    This plaintiff has, on 3 prior occasions, brought civil actions challenging the
2 conditions of his confinement.  All three action were dismissed as frivolous, or for failure to state
3 a claim upon which relief can be granted.  <u>Miller v. High Desert State Prison</u>, No. 2:06 CV
4 01437 GEB CMK PC; <u>Miller v. Access Secure Pak</u>, No. 2:07 CV 01538 FCD CMK PC;  <u>Miller
5 v. King Harris Publications Magazine</u>, No. 1:07 CV 01152 LJO GSA PC; <u>Miller v. California
6 State Prison Corcoran, et al</u> , No. 1:08 CV 00594 OWW SMS PC.   Plaintiff is therefore not
7 entitled to proceed in forma pauperis unless he alleges facts indicating that he is in imminent
8 danger of serious physical injury.   There are no such facts alleged in this case.  The allegations in
9 this case relate to the deprivation of Plaintiff's property incident to his transfer from Cocoran
10 State Prison to High Desert State Prison.
11    In his response to the order to show cause, Plaintiff contends that the cases relied upon as
12 "strikes" are not strikes within the meaning of 28 U.S.C. § 1915(g).  In the case of <u>Miller v.
13 High Desert State Prison</u>, No. 2:06 CV 01437 GEB CMK PC, judgment was entered pursuant to
14 the May 25, 2007, recommendation that the complaint failed to state a claim upon which relief
15 could be granted.  Specifically, the court found that the complaint suffered from defects that
16 could not be cured by amendment.  In the case of <u>Miller v. Access Secure Pak</u>, No. 2:07 CV
17 01538 FCD CMK PC, judgment was entered pursuant to the December 3, 2007, recommendation
18 that the action be dismissed, without leave to amend, for failure to state a claim upon which relief
19 could be granted.  In the case of <u>Miller v. King Harris Publications Magazine</u>, No. 1:07 CV
20 01152 LJO GSA PC, judgment was entered pursuant to the March 3, 2008, recommendation that
21 this action be dismissed for failure to state a claim upon which relief could be granted.  In the
22 case of <u>Miller v. California State Prison Corcoran, et al</u> , No. 1:08 CV 00594 OWW SMS P,
23 judgment was entered pursuant to the May 9, 2008, order dismissing the action for failure to state
24 a claim upon which relief could be granted.  Plaintiff has made no showing that the complaint in
25 this action alleges facts sufficient satisfy the imminent danger requirement of 28 U.S.C. §
26

1915(g), or that the cases relief upon in the May 1, 2009, order to show cause do not count as strikes within the meaning of § 1915(g).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is denied pursuant to 28 U.S.C. § 1915(g).

2. Plaintiff is directed to submit, within thirty days of the date of service of this order, the $350 filing fee in full. Plaintiff's failure to do so will result in dismissal of this action pursuant to Local Rule 11-110 for failure to obey a court order.

IT IS SO ORDERED.

**Dated:** **September 10, 2009**            /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE